GILLET, Appellant, *vs.* CAMP, Respondent.

1. The distributive share of a wife in an estate, not reduced into possession during the marriage, does not belong to the husband after her death. *Leakey's Adm'r v. Maupin*, 10 Mo. Rep. 372, affirmed.

2. The personal estate of an intestate does not upon his death descend immediately to those entitled to distribution, but where there is administration on the estate, the right to the possession is in the administrator.

*Appeal from Warren Circuit Court.*

*G. Porter* and *B. R. Pitts*, for appellant.
*A. H. Buckner*, for respondent.

GAMBLE, Judge, delivered the opinion of the court.

Gillet, in his petition, asks for partition of certain slaves in the hands of the administrator of Debo, claiming that he, as the husband of Debo's widow, is entitled to one half, and that Mrs. Camp, who is the daughter of Debo, is entitled to the other half. He alleges that his wife, after the death of her first husband, Debo, paid all the debts of the estate, and kept in her hands, without administration, the female slave who is the mother of the other slaves named in the petition, and that the plaintiff, after his intermarriage with Mrs. Debo, continued in the possession of the slaves for some thirteen years, when

administration was granted on Debo's estate and the slaves were recovered from the plaintiff by the administrator. The plaintiff's wife is dead. The petition further alleges that the slaves now in the hands of the administrator are not required for the payment of debts. There was a demurrer to the petition which was sustained.

We cannot, in this proceeding, correct any supposed error in the suit between Debo's administrator and the plaintiff, in which the slaves were recovered from the plaintiff. We must take the judgment to have correctly settled the rights of the parties. The case then, is one in which a husband is asking for partition of slaves, the petitioner claiming in right of a deceased wife ; the slaves being in the hands of an administrator, in course of administration. Since the recovery of the slaves from the plaintiff, by the administrator of Debo, they have continued in possession of the administrator, and that is, upon the case presented, to be assumed to be a rightful possession.

In *Leakey's Adm'r* v. *Maupin*, 10 Mo. Rep. 369, it was held, that the distributive share of a wife, not reduced into possession during the marriage, did not belong to the husband after her death. It was also held that the personal estate of an intestate did not, upon his death, descend immediately to those entitled to distribution, but where there is administration on the estate, the right to the possession is in the administrator. Assuming the slaves to be now rightfully in the hands of Debo's administrator, the case is one in which the courts are asked to divide those slaves by a proceeding in partition between the present plaintiff, whose wife is dead, and the daughter of Debo. In other words, the plaintiff claims his wife's distributive share or dower in Debo's slaves. This, upon authority, cannot be allowed. What might have been the merits of the plaintiff's case, if he had used the facts stated in his present petition, as a ground of defence against the suit of Debo's administrator, we are not called upon to say ; but in the

present case, in which he is asking for partition of slaves in the hands of Debo's administrator, he cannot succeed. The judgment is affirmed, with the concurrence of the other judges.