In re Estate of WILLIAM MESSERSMITH v. CORNELIA MESSERSMITH, Appellant.

Division One, April 1, 1915.

1. **APPEAL: By Administratrix.** The legal title to the personal estate of a deceased husband prior to distribution is in the administratrix; and where she has asked for an order of distribution and by written statement set up her claim individually to one-half of the net proceeds of her husband's estate, and from an order in accordance therewith the heirs have appealed to the circuit court, where the order is reversed and a judgment is rendered declaring her interest to be only one-sixth, her appeal therefrom should be in her capacity as administratrix, since she is still the legal custodian of the estate.

2. ————: **Affidavit.** Where the affidavit used the word "and" instead of "or" in the clause "this appeal is not taken for vexation and delay," and the appeal was timely taken, and no effort to have it dismissed was made until the case was set down on the docket for hearing, the appeal will not be dismissed for that clerical error.

3. **ADMINISTRATION: Share of Widow.** In dealing with the rights of the widow to share in her deceased husband's estate, the courts liberally construe the statutes in her favor; and under them she does not take as dowress, but as distributee.

4. ————: **Widow and Grandchildren.** Where the only claimants to the estate are the widow and five children of a son who died prior to the intestate's death, the five grandchildren cannot be counted as five children of the intestate, but they are to be considered as inheriting the interest that their father would have received had he survived the intestate; and one-half the estate should be distributed to the widow, and the

remaining half equally divided among the five grandchildren. [Sec. 349, R. S. 1909.]

5. ————: ————: **Per Capita and Per Stirpes.** In a controversy between a widow and intestate's children as to their respective interests in his estate, they each take *per capita;* but as between the widow and his grandchildren, she takes *per capita* and they take *per stirpes.*

Appeal from Osage Circuit Court.—*Hon. R. A. Breuer,* Judge.

JUDGMENT OF ·CIRCUIT COURT SET ASIDE AND ORDER OF DISTRIBUTION OF PROBATE COURT AFFIRMED.

*Gove & Davidson, William Vosholl* and *Pope & Lohman* for appellant.

The appellant contends that the grandchildren take the place of the father, and are entitled to nothing more than the father would be were he alive; that the Legislature fixed the measure of the dower of the widow at the share of a child of her deceased husband, by Sec. 349, R. S. 1909. Hayden v. Hayden, 23 Mo. 398; Jamison v. Hays, 46 Mo. 546; Skeen v. Johnson, 65 Mo. 24; In re Estate of Elliott, 98 Mo. 383; Barnum v. Barnum, 119 Mo. 67; Keeney v. Mc-Voy, 206 Mo. 71; In re Estate of Williams, 62 Mo. App. 350; Cyclopedia Law Dic., p. 147; 2 Words & Phrases, "Child—Children," pp. 1115 et seq. Sec. 352, R. S. 1909, does not govern this case. Hastings v. Hennessy, 70 Mo. App. 354; Cox v. Dunn, 3 Mo. App. 348; Hoyt v. Davis, 21 Mo. App. 235. The right of the widow, her husband dying and leaving children, under Sec. 349, R. S. 1909, to take a child's part is one which is so absolute that she takes it even without election. Lich v. Lich, 158 Mo. App. 424.

*A. T. Dumm, E. M. Zevely* and *A. K. Monroe* for respondent.

(1) The administratrix filed a motion for a new trial, also her affidavit for an appeal to the Supreme

Court by her agent, R. S. Ryors. But the record does not show any order granting the administratrix any such appeal. The records do reveal, however, that an appeal in this case was granted to the widow of William Messersmith, who is a distributee of his estate, and who never, at any time, applied for such appeal. The widow filed no motion for a new trial nor did she file her affidavit for appeal in the circuit court. The granting of the appeal in this case was, therefore, void, and same should be dismissed. Sec. 2040, R. S. 1909; Cassidy v. St. Joseph, 247 Mo. 197. This appeal should be dismissed even if it be conceded that an appeal was granted the administratrix. This suit was from the beginning and remains a contest between the Messersmith minors, represented by their guardian and curator, upon the one hand, and Cornelia Messersmith, as widow and distributee, upon the other; there was no occasion for the legal representative (the administratrix) of William Messersmith to interpose as a party to this suit. Said administratrix was never a party to it, as such, nor is she as administratrix aggrieved by the judgment of the circuit court, and consequently was not competent to appeal this case. The same should therefore be dismissed and the cause stricken from the docket. Bates v. Byberg, 40 Cal. 465; Wright's Estate, 49 Cal. 551; Estate of Marrey, 65 Cal. 287; Merrifield v. Longmire, 66 Cal. 180; Roach v. Coffey, 73 Cal. 281; Goldtree v. Thompson, 83 Cal. 420; In re Williams' Estate, 122 Cal. 76; In re Dewar's Estate, 10 Mont. 422; 2 Cyc. 640; 2 R. C. L. 54, sec. 35; Singmaster's Appeal, 86 Pa. 169; In re Switzer, 201 Mo. 83. (2) The affidavit for appeal in this case is insufficient. It sets forth that the appeal is "not made for vexation and delay," etc., and is not even a substantial compliance with the statute. It is evasive and equivocal and fatally defective. Sec. 2040, R. S. 1909; State ex rel. v. Gates, 113 Mo. App. 649; Cassidy v. St. Joseph, 247

Mo. 197; Jones, Edwards & Co. v. Robertson, 76 Mo. App. 267. (3) The respondents contend that the grandchildren each take one-sixth and the appellant one-sixth interest in estate of William Messersmith, deceased. Keeney v. McVoy, 206 Mo. 74; Perry v. Strawbridge, 209 Mo. 644; Verdin v. St. Louis, 131 Mo. 163. In this State the widow up to 1824 took one-third of her deceased husband's personal estate absolutely, but at that time the law was amended giving to the widow a share equal to the share of a child of her deceased husband instead thereof; and that has been the law to the present. Sec. 6, p. 128, Territorial Laws 1824. The word child is also used to include grandchildren and give the widow an interest equal in quantity to the greatest interest anyone can take, upon whom the law casts the estate. Perry v. Strawbridge, 209 Mo. 621; Keeney v. McVoy, 206 Mo. 42. (4) The grandchildren whose parents die before the grandfather inherit directly from their grandparent and take *per capita,* in cases of this kind. Sec. 336, R. S. 1909; Copenbaver v. Copenbaver, 78 Mo. 57. Personal property descends to the heirs when the owner dies intestate. Sec. 332, R. S. 1909; In re Estate of Elliott, 98 Mo. 383. The widow does not inherit, neither does she take as, nor in the capacity of, a child; she merely takes a share in the deceased husband's estate equal (in quantity only) to the share of a child; her interest always depends on the interest of some one upon whom the law casts the estate; the rights of others entitled must first be ascertained in a case of this· kind before her rights can be determined. Schaper v. Schaper, 158 Mo. App. 609. Appellant's contention is against the law of dower, descents and distribution; while respondent's position is such as to give force and effect to all kindred statutes upon this subject and to give justice to all, as contemplated by our Legislature since 1824. (5) When a statute uses the term children· it may stand in a collective sense for grandchildren when jus-

tice and reason require it.  4 Kent's Commentaries, p. 418; Endlich on Interpretation of Statutes, secs. 80 and 321.

RAILEY, C.—Upon final settlement of the estate of William Messersmith, deceased, at the August term, 1911, of the probate court of Osage county, Missouri, there was $45,242.52 to be distributed between the widow and the five children of a deceased son by a former marriage.

There is a complete transcript, with the record of all the proceedings in the probate and circuit courts of said county.  It appears from the transcript that the *administratrix* applied to the probate court, after her final settlement had been made and approved, for an order of distribution of the funds aforesaid.  She likewise filed a written statement as widow claiming one-half of said fund under section 349, Revised Statutes 1909, and stated therein that the remaining one-half belonged to the five children of John Messersmith, a son, who died before the death of his father, William Messersmith.

The probate court sustained the contention of the administratrix and gave her one-half of said fund. The five children, who were minors, through their guardian, appealed to the circuit court of Osage county. The administratrix and said guardian, through their attorneys, agreed upon the facts as follows:

"It is admitted by the respective parties on this trial that the five children mentioned in the application, namely; Pearl Messersmith, Amy Messersmith, William M. Messersmith, Homer Loyd Messersmith and Maggie Messersmith, are the children of John Messersmith, and that the said John Messersmith was a son of the deceased William Messersmith and died prior to his father.  That Cornelia Messersmith is the widow of said William Messersmith, deceased, and that she and the said five named minors are the only per-

sons entitled to share in the estate of William Messer-
smith, deceased, and that the said John Messersmith
was a child of William Messersmith by a former wife,
also now deceased, and that by said former wife the
said William Messersmith had another child, a daugh-
ter, Maggie Messersmith, who died prior to William
Messersmith, leaving no descendants. And it is fur-
ther admitted that James David Huckstep is the le-
gally appointed guardian and curator of the estates
of said minor children, and Cornelia Messersmith is
the administratrix of William Messersmith, deceased.
It is also admitted that William Messersmith died in-
testate in Osage county, Missouri, on or about June 15,
1909. It is admitted that the amount of personal prop-
erty to be distributed in this estate is $45,242.52, as
shown by final settlement.''

The circuit court, on the agreed statement of facts,
found and adjudged that the said widow was entitled
to *one-sixth* of said property and that *each* of the
above-named minors was entitled to *one-sixth* interest
therein. This order of distribution was directed to be
certified to said probate court, and a judgment was en-
tered against Cornelia Messersmith, the widow, for the
costs of said proceeding.

Cornelia Messersmith, as administratrix afore-
said, at the same term, and on the same day of the
rendition of said judgment, filed a motion for new
trial, and asserted therein that: (1) The decision was
contrary to law; (2) the court erred in its judgment
upon the agreed facts as a matter of law, and (3) the
order of distribution, as made by the probate court
(giving her one-half of said estate) in said matter, was
right and should have been affirmed. This motion was
overruled, etc., and, without caption, the following af-
fidavit for appeal was filed:

''Now comes R. S. Ryors as agent for Cornelia
Messersmith, administratrix of said estate, and being
duly sworn on his oath says the appeal in this cause

taken from the judgment of the Osage Circuit Court is not made for vexation and delay, but because this affiant believes appellant is aggrieved by the judgment and decision of the said circuit court herein,'' etc.

On the filing of said affidavit the trial court granted the administratrix an appeal to this court, and she filed herein her transcript of appeal on November 7, 1911. On December 30, 1914, more than three years after the filing of said transcript, the respondent filed in this cause a motion to dismiss said appeal. The motion to dismiss will be considered with the merits of the case.

The jurisdiction of this court is assailed by respondent upon two grounds: (a) Because the appeal was taken from the circuit court by the widow as administratrix and not by her individually as one of the distributees.; (b) because the affidavit for appeal alleges that it was not made for vexation *and* delay, when the disjunctive *or* should have been used instead of ''and.'' We will dispose of these questions in the order presented.

I. The personal estate held by the administratrix upon final settlement and which she sought to have distributed between herself and the five children named, was in her possession as administratrix, and under the circumstances she holds the legal title thereto until a final order of distribution is made. In Orchard v. Store Co., 225 Mo. l. c. 433, this court said:

**Appeal: In Capacity of Administratrix.**

''If, however, a leasehold is personal property, it passes primarily, on the death of the owner, to the executor or administrator, and until the heirs or legatees receive it through the process of administration, the legal title thereto is in such legal representative. [Smarr v. McMaster, 35 Mo. 349; Leakey v. Maupin, 10 Mo. 368; Gillet v. Camp, 19 Mo. 404; Rouggley v. Teichmann, 10 Mo. App. 257; Richardson v. Cole, 160 Mo. 372.]''

The same principles of law were announced by this court in Moody v. Peyton, 135 Mo. l. c. 488-489. In other words, the administratrix came into the probate court with the fund, and asserted as widow that she was entitled to one-half of same, and that the five children were entitled to the remainder. She was authorized by law to hold the fund as administratrix until a final legal order of distribution is made. The probate court sustained her contention, but the heirs appealed to the circuit court. She was therefore before the circuit court as administratrix with the fund, and as the widow claiming one-half of same. The circuit court decided adversely to her claim as *widow* and allowed her one-sixth, instead of one-half of said fund. The court also overruled her contention as *administratrix* that the five children were only entitled to one-half the estate instead of five-sixths of same. If satisfied that the order of distribution made by the circuit court was wrong, she had the right as administratrix and legal custodian of said fund to appeal the case to this court in order that the rights of the parties might be definitely determined. We therefore hold that the administratrix had the legal right to appeal the cause to this court.

II. The transcript of appeal was on file here more than three years before a motion to dismiss said appeal was filed. The case was even upon the printed docket for *hearing* at the January Call, 1915, before said motion was filed. It is manifest that the use of the word *and* instead of *or* in the affidavit for appeal was purely an oversight and clerical error. The circuit court, after deciding adversely to her contention, granted her as administratrix, an appeal to this court. As such legal representative it was her duty as custodian of said fund to see that it was distributed according to law. As she represented the entire fund as administratrix, the case

**Appeal:**
**Affidavit.**

was properly appealed by her in that capacity. She presents here a meritorious case. In view of the foregoing facts, and the conclusions reached by this court in Cassidy v. St. Joseph, 247 Mo. 197, on this subject, we overrule the motion to dismiss appeal.

III. The determination of this cause depends upon the construction of section 349, Revised Statutes 1909, which reads as follows:

"When the husband or wife shall die, leaving a child or children or other descendants, the widow or widower shall be entitled absolutely to a share in the personal estate belonging to the husband or wife at the time of his or her death, equal to the share of a child of such deceased husband or wife."

The above and other similar provisions of our law, coming before the courts for review, have furnished the opportunity for a great display of legal learning, but in our opinion the plain provisions of said section, when given a common-sense, every-day construction, are more easily understood than many of the exhaustive opinions undertaking to elucidate and construe the same.

In our opinion, said section, as applied to the facts of this case, *means,* that as William Messersmith died intestate, leaving a widow and no other heirs except the five children of his son John, who died before his father, the five children, in ascertaining the share of the widow in the fund aforesaid, occupy the same position, and take the same share of said estate, which their father, John, would have taken, had he been alive at the time of his father's death. If we are correct in the conclusion thus reached, the widow is entitled to one-half the funds held by her as administratrix aforesaid, and the five children supra are entitled to the remainder of said fund.

The courts of this State have uniformly been liberal in dealing with the rights of the widow when called in question.

In Lemp v. Lemp, 249 Mo. l. c. 314, it is said: "Such statutes are quite liberal to the wife in this State, giving her, in addition to her dower in his real estate, the title absolutely to a share in the personal estate belonging to the husband at the time of his death equal to the share of a child. [R. S. 1909, sec. 349.]"

The wife under the above section is not a dowress but a distributee. [Howard v. Strode, 242 Mo. l. c. 218, 219.] Judge FERRISS, in behalf of Division Two of this court, upon page 220 of the last citation, said: "Under section 349, the widow is entitled absolutely to a share in the personal estate of her husband equal to the share of his child. She thus becomes a distributee, and as such stands in the same relation to the personal estate as does the child, and manifestly is entitled to the same remedies to enforce her rights."

In Lich v. Lich, 158 Mo. App. l. c. 424, Judge REYNOLDS, in behalf of the St. Louis Court of Appeals, said: "The right of the widow, her husband dying and leaving children, under section 349, Revised Statutes 1909, to take a child's part, is one which is so absolute that she takes it even without election."

In Hayden's Admr. v. Hayden's Admr., 23 Mo. l. c. 399, Judge RYLAND said: "The right of the widow to a share in the slaves equal to a child's part, does not depend upon any act to be done by the widow; the right vests immediately, and, unless she chooses to take otherwise, no one can choose for her. The law confers on her a child's part, but gives her the option to reject this part. Now, unless this will to choose is exercised, the child's portion becomes the widow's portion."

In Keeney v. McVoy, 206 Mo. l. c. 70, this court, in very emphatic language, recognized the rights of the widow under our statutes, and held that in dealing

with her interests, the law should be liberally construed.

The above quotations take a wide range, and show, from an early period in the State's history to the present time, that the widow's interest as distributee in her husband's estate has always been liberally protected and sustained.

In the Keeney case, supra, the granddaughter and her husband brought suit in partition to divide certain real estate. The decedent left no other heirs except this granddaughter and his widow. The granddaughter and her husband took the position that, as the deceased departed this life without leaving any living children, the widow took nothing, under section 356, Revised Statutes 1909. This court, after reviewing many authorities and discussing the question pro and con, finally reached the conclusion that although there was no living child at the time of decedent's death, yet, as he left a grandchild, it gave the widow a child's part, and she was entitled to one-half of the property in controversy. The court thereupon gave the widow an equal proportion with the grandchild.

This case is cited as an authority against the contention which we have heretofore reached, but the most casual examination of the same will disclose that in the Keeney case there was only one grandchild and the widow, hence the question which we have here as to whether the widow can only take one-sixth interest where there were five grandchildren, was not involved. In other words, in the Keeney case this court did not undertake to say whether the widow would be entitled to one-half of her husband's personal property or whether she would simply be entitled to one-sixth of same, where there were five grandchildren as in the case at bar. We have been unable to find any case in this State where the question in review here has been squarely decided.

Keeping in mind the policy of the law in this State to deal liberally with the widow in construing her rights, it is manifest that section 349, Revised Statutes 1909, can only be construed in the case at bar to give the widow one-half the fund, and the five children the remainder.

Under the Law of Descent and Distribution, section 332, Revised Statutes 1909, the five children here would have simply inherited the interest of their father John, who died before the death of decedent. [Estate of Wm. G. Williams, 62 Mo. App. l. c. 350.]

It is contended by respondent's counsel that the law in this case cast the estate of William Messersmith into five equal parts, there being five distinct heirs surviving him, and that as the widow is entitled to a child's share, she takes a one-sixth interest in the estate, and nothing more. We do not agree with counsel as to above contention. In a controversy between the widow and a child, they each would take *per capita,* but we hold, that as between the *widow* and a *grandchild* or *grandchildren,* she takes *per capita* and the *grandchild* or *grandchildren per stirpes.* The same principle would apply, whether there was *one* or more children of deceased, or whether there was *one* grandchild or *several.* In other words, the *widow and children* would take *per capita,* and the grandchildren would take *per stirpes,* in a controversy between themselves. The same rule of construction would apply, even if there were *two* or *more* sets of grandchildren and the *widow,* as the latter would take *per capita,* and the different sets of grandchildren, *per stirpes.*

We are of the opinion, that section 349, supra, should be construed as above indicated. This construction of said section is in harmony with kindred statutes upon this subject.

The judgment of the circuit court is therefore set aside, and the order of the distribution made by the probate court of Osage county, Missouri, affirmed.

PER CURIAM.—The original opinion of RAILEY, C., having been modified as requested by counsel for respondents, is hereby adopted as the opinion of the court, and the motion for rehearing overruled. All the judges concur; *Woodson, J.,* concurs fully with this opinion, and holds that the rule here announced is in perfect harmony with the doctrine stated in the case of Keeney v. McVoy, 206 Mo. 42.