In the Matter of the Accounting of JAMES HART, as Committee of the Person and Property of ANNIE HUGGINS, an Incompetent Person.

*Appeal — allowance of counsel fees to committee of incompetent person — when trustees under will of deceased husband of incompetent have no sufficient interest to allow them to appeal.*

The trustees under the will of an incompetent's deceased husband have no legal interest sufficient to authorize them to appeal from an order determining the amount of and allowing a counsel fee to her committee upon his accounting, where those directly concerned have been given notice of the filing of the account of the committee and of an application for the judicial settlement thereof, an incident to which application would be the allowance of counsel fees.

*Matter of Hart,* 208 App. Div. 844, reversed.

(Submitted September 30, 1924; decided October 14, 1924.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered April 25, 1924, which modified and affirmed as modified an order of Special Term granting to the committee of an incompetent person an allowance for legal services.

*Arthur F. Driscoll* and *Joseph Walker Magrauth* for appellant.

*Francis B. Chedsey* for respondent.

*Per Curiam.* " A party aggrieved may appeal in a case provided by law." (Civil Practice Act, § 557.) The trustees under the will of the incompetent's deceased husband had no legal interest sufficient to authorize an appeal from the order herein when those directly con-

cerned in the determination of the question of the allowance and amount of counsel fee had been given notice of the filing of the account of the committee and of an application for the judicial settlement thereof. An incident to such application would be the allowance of counsel fees. (*Matter of Maxwell*, 218 N. Y. 88.)

Respondents were under no duty to protect the rights of the incompetent or the other beneficiaries under the will by taking an appeal from the order of the Special Term to the Appellate Division. (*Isham* v. *N. Y. Association for the Poor*, 177 N. Y. 218, 222.)

The order should be reversed, with costs, and appeal from order of the Special Term to the Appellate Division dismissed, with costs.

HISCOCK, Ch. J., POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ., concur; CARDOZO and LEHMAN, JJ., dissent.

Order reversed, etc.