STATE OF MISSOURI at the relation of ST. LOUIS UNION TRUST COMPANY, a Corporation, and ALLEN C. ORRICK, Successor Trustees Under Deed Dated June 12, 1885, of THOMAS T. GANTT and DAVID RANKEN, Trustees, Relators, v. EUGENE J. SARTORIUS, Judge of the Circuit Court of the City of St. Louis.—No. 37873.

STATE OF MISSOURI at the relation of ST. LOUIS UNION TRUST COMPANY, a Corporation, and ALLEN C. ORRICK, Successor Trustees Under Deed Dated June 12, 1885, of THOMAS T. GANTT and DAVID RANKEN, Trustees, Relators, v. EUGENE J. SARTORIUS, Judge of the Circuit Court of the City of St. Louis.—No. 37874.—164 S. W. (2d) 356.

Court en Banc, July 28, 1942.

Rehearing Denied, September 8, 1942.

*Daniel N. Kirby, Harry W. Kroeger* and *Hord W. Hardin* for relators.

48

*William M. Fitch* for Eugene J. Sartorius, respondent.

52

LEEDY, J.—Relators in these two causes seek the same relief, and by the same method as in Nos. 37,871 and 37,872, (349 Mo. 1039, 163 S. W. (2d) 981), wherein Yale University is relator. No. 37,874 involves the question of the right of the successor trustees, as plaintiffs in the cause below, to appeal from the final judgment and decree of June 19, 1941, on the merits; and in No. 37,873, from the order of partial distribution. No. 37,874 will be treated first.

See statement of facts under heading "General Facts" contained in the opinion in causes Nos. 37,871 and 37,872, which statement is, by this reference, to be treated as part of this opinion. John J. Nangle, Esq., was appointed Special Master to investigate the heirship and to take and hear evidence touching upon heirship from Hazlett, and to report the same, with his findings of fact, conclusions of law, and recommendations for a final decree. The Special Master conducted hearings in the United States, Ireland, Scotland, England and Canada, and on March 3, 1941, filed his final report. The relators here, as plaintiffs in that suit, filed exceptions to said report, wherein they cited seventeen instances in which persons who were descended from Hazlett's paternal grandfather were found by the Special Master to have died before 1938, leaving no descendants, and wherein they averred that there was no evidence to support such findings and that such findings were contrary to the evidence. In all instances the persons named in the exceptions had been found by the Special Master to have been descendants of Hugh Campbell (the paternal grandfather of Hazlett Kyle Campbell), either by his first wife, Catherine

Denny Campbell, or by his second wife, Elizabeth Buchanan Campbell (who was the paternal grandmother of Hazlett Kyle Campbell), and such persons who were descended from Hugh Campbell, and who were named in said exceptions, were in the line of heirship, so that either they, if living at the time of Hazlett's death, or their descendants, who were living at the time of Hazlett's death, would have been among his heirs. Said exceptions were overruled, the final report of the Special Master adopted, and the judgment and decree entered accordingly. By said decree 1085 claimants were found and adjudged not to be heirs of Hazlett, and none of said claimants appealed. It further found and adjudged that 161 named persons constituted his heirs (within the meaning of the deed of June 12, 1885), and were the only persons entitled to participate in the distribution of the trust estate. Relators filed their motion for a new trial in which they complained that there was no evidence to support the finding that the 161 persons so adjudged were the only heirs, and in determining that they were entitled to receive distribution of the trust estate to the exclusion of all other persons. After the overruling of the motion, relators' affidavit for appeal was filed, and the appeal denied.

Respondent takes the position that the relators-trustees were not aggrieved by the aforesaid adjudication of heirship because they invoked the jurisdiction of the court for the purpose of determining that question, and the decree having adjudged the same, they were thereby given the relief prayed, and so they are bound and protected by the decree, and may not appeal therefrom. On the other hand, relators assert: (a) that as they held the legal title to the trust property, a decree which purported to divest them of such title by directing the disposition of the trust assets to and among some of the heirs, to the exclusion of others, injuriously affected their property rights; (b) that they had active duties to terminate the trust in accordance with its terms by distributing the trust property to and among all the heirs, so that a decree which directed termination inconsistently with the terms of the trust injuriously affected them in the performance of such duties. No authorities are cited in support of relators' first contention; and under the second, we are cited to Restatement of the Law of Trusts, Sec. 226, and Sec. 345, Comment j, and Aetna Ins. Co. v. O'Malley, 342 Mo. 800, 118 S. W. (2d) 3. The sections of the Restatement relied on do not deal directly with the liability of a trustee for distributing trust property under a decree in a suit for instructions. But the cited rule (liability of a trustee for payments or conveyances to a person other than the beneficiary) does recognize, at least by implication, that court authorization protects the trustee, for it says that a trustee is liable "if he pays or conveys to a person who is neither the beneficiary nor one to whom the beneficiary *or the court* has authorized him to make such payment or conveyance." [Sec. 226. Italics ours.] In the O'Malley case it was held that the Superintendent of Insurance had an appealable interest in a judg-

ment appointing custodians to refund excess premiums, as it prevented him from performing his statutory duty of preserving excess premiums and disbursing the excess to the policyholders. There is no similarity between that case and the one at bar either as to the facts or the law.

The question as to whether the trustees are aggrieved by the judgment and decree below so as to be entitled to an appeal presents many interesting features. The right of appeal is statutory. Section 1184, R. S. '39 [Mo. R. S. A., sec. 1184] provides "Any party to a suit aggrieved by any judgment of any circuit court in any civil cause from which an appeal is not prohibited by the Constitution, may take his appeal to a court having appellate jurisdiction . . . from any final judgment in the case." But it is held that a party cannot be said to be "aggrieved," unless error has been committed against *him*. McClain v. K. C. Bridge Co., 338 Mo. 7, 88 S. W. (2d) 1019; Kinealy v. Macklin, 67 Mo. 95. "A party to an action, under our Code, cannot successfully ask for a reversal of judgment because of an error which was not prejudicial to his substantial rights, however greatly the result may appear to him to lack the perfect symmetry which should characterize the performances of courts of law." [Hall v. Goodnight, 138 Mo. 576, 37 S. W. 916.]

The great weight of authority is to the effect that an executor or administrator as such is not aggrieved or prejudiced by a decree determining the rights of the beneficiaries, and hence may not appeal. The rule appears to be based on the acquiescence of the beneficiaries. [In re. Musser's Estate (Pa.), 17 Atl. (2d) 411. See, also, Isham v. N. Y. Assn., etc. (N. Y.), 69 N. E. 367; Bryant v. Thompson, 128 N. Y. 426, 28 N. E. 522, 13 L. R. A. 745; In re. Hart, 239 N. Y. 511, 147 N. E. 174; Reeves' Estate, 62 S. D. 618, 256 N. W. 113; In re. Thomson's Estate, 92 Pa. 407. See annotation, 117 A. L. R., pp. 100-107.] Relators deny the applicability of this rule on the ground that probate administration is a proceeding in rem, and the administrator is an officer of the court having the property in custody, whereas the normal administration of inter vivos trusts does not reside in the court, and it is only where the trustees seek the aid of a court, or where some controversy between the parties in interest in the trust estate has arisen, that the court assumes jurisdiction "for the purpose of giving the requested aid or resolving the controversy." When the analogy between the duties of trustees and executors or administrators in the circumstances mentioned is considered, we think the distinction sought to be drawn is tenuous, regardless of the nature of the trustees' action, in which the non-resident and unknown parties may be brought in under constructive notice by publication, as here. As to those served only by publication and who do not appear, it is essentially in the nature of, and should be classed with, actions in rem.

In their *reply* brief, relators say "it would be remiss, however to

56

fail to call to the attention of this court its uniform holdings that where the subject matter is an order of distribution, even an administrator has a right of appeal therefrom,'' citing In the Matter of the Estate of McCune, 76 Mo. 200; Messersmith v. Messersmith, 264 Mo. 610, 175 S. W. 914; State ex rel. Goodloe v. Wurdeman, 286 Mo. 153, 227 S. W. 64. Accordingly, they contend that if the situation of the trustees in the instant case were analogous to that of an administrator, the trustees would stand as aggrieved parties under the doctrine of the above cases.

State ex rel. Goodloe v. Wurdeman, supra, is not in point. The question there involved was the right of an appeal, by sons of an incompetent, from an order overruling their motion to remove the guardian, and to appoint another in his stead. The Messersmith and McCune cases are distinguishable. In the former, the administratrix claimed part of the estate personally; and in the latter, the question involved was one concerning the apportionment, under certain statutes, of a dividend among secured and unsecured creditors of an insolvent estate, and not a distribution among heirs or legatees. Since these decisions, we have had occasion to consider the right of an administrator, as one of the defendants, to appeal in a suit decreeing plaintiff the adopted daughter and sole heir of the administrator's decedent. [Love v. White, 348 Mo. 640, 154 S. W. (2d) 759.] It was held, in conformity with the rule hereinabove noticed, that, under the circumstances there involved, he was not a party aggrieved, and hence not entitled to appeal. Messersmith v. Messersmith, supra, even ▮▮▮ when distinguished, is not in accord with the prevailing view that an administrator who is personally interested as an heir or legatee may not appeal in his *representative* capacity from any order of distribution. It is, accordingly, overruled.

▮ The prime limitation on the availability of instructions to trustees in a suit such as the one with which we are dealing appears to be that they will be given only where the trustee is in doubt as to his duties. ''Any trustee placed in circumstances in which he may have reasonable doubt as to the proper disposition of the funds in his hands, has a right, for his own safety, to apply to a court of equity for directions, making the persons interested parties to the proceeding.'' [Hayden v. Marmaduke, 19 Mo. 403.] ''If the trustee is in doubt as to the proper person to whom a conveyance should be made, or as to the shares to which the beneficiaries are entitled, he can apply to a court for instructions and will be protected by the order of the court against claims of all persons who were made parties to the proceeding (see Sec. 259).'' [Restatement of the Law of Trusts, Sec. 345, Comment j.]

▮ We find no cases where a trustee has been held a party aggrieved by a decree determining distributees in a suit brought by him for instructions in that regard. The right of appeal is intimated in a somewhat analogous situation, in Bryan v. Rowland (Ga.), 144 S. E.

275, where it was said: "It is argued . . . the administrator has an interest in the protection of the lawful heirs of his intestate. We cannot concur in this view. He filed this petition for his own protection, and the judgment of the court, unexcepted to by any other than himself, so far as this record discloses, affords him full protection. If there appeared in the record any suggestion that there were other beneficiaries than those named in the petition, *the case might be different*;" (Italics ours.) Compare In re. Stevens et al., 99 N. Y. S. 1070, where trustees were held aggrieved and entitled to appeal from an order allowing fees to special guardians, payable out of the minors' shares, even though neither the infants nor their general guardian objected. In view of these authorities, we are of the opinion that it would be extending the doctrine too far to hold that under no circumstances can a trustee, executor or administrator appeal from a judgment or decree determining rights between parties entitled to the estate. [Evans v. Johnson (S. D.), 281 N. W. 113.]

▮ ▮ Here the trustees were in doubt as to the identity of the beneficiaries, and, therefore, properly invoked the court's aid by applying for instructions. The court decreed that certain persons are entitled to take the whole of the estate. The subject matter, the trust property, was within the jurisdiction of the court, and the notice by publication to non-resident and unknown defendants was adequate to warrant the court in decreeing who were entitled to distributive shares; and such a decree protects the trustees. [See Loring v. Steineman, 1 Met. (Mass.) 204.] The trustees "had an interest, and it was their duty, to procure a judicial determination of the questions presented by the facts alleged, but no interest or duty in obtaining a decision according to some view of the law that they may have themselves entertained, or have been advised by counsel." Bryant v. Thompson, supra. In order to have such a determination reviewed, the party complaining must point out the statute giving him the right, and conferring the jurisdiction, and under our statute, supra, the right is limited to the party aggrieved. The trustees expressly disclaim representation of any interest other than their own, for in their brief they say, "Relators do not pretend to represent any *missing* heirs or to espouse the cause of such *missing* heirs. They insist merely that the *heirs who have appeared* take only such proportionate beneficial interests in the trust property to which the evidence adduced by them shows them to be entitled, and that they may not, by establishing their right to part, take all of the trust property."

▮ It does not clearly appear from the record in this case that relators are aggrieved parties within the meaning of the statute so as to be entitled to an appeal, and as the writ of mandamus does not issue in doubtful or other than clear cases, it is apparent that our alternative writ was improvidently issued in cause No. 37,874, and it should be quashed. It is so ordered.

▮ In cause No. 37,873 relators seek to compel respondent to allow

58

them an appeal from the partial order of distribution. That order was doubtless made on the assumption that none of the relators in these proceedings was entitled to an appeal on the merits. But we are holding that both Yale University and Madden, the administrator, are entitled to such appeals, and thus it is made to appear that the trustees, if said decree is reversed as to either of said appellants, will be subjected to conflicting claims, one of which might take from them the whole of the trust estate, and the other one-half thereof. In this situation the trustees are entitled to appeal from the order of partial distribution under the doctrine of Smith v. Oliver (Mo. App., 1942), 157 S. W. (2d) 558. The alternative writ in said cause No. 37,873 is, therefore, ordered made peremptory. All concur except *Gantt, J.*, absent.