Edward McENTEE, Robert J. Schaaf and Marvin A. Tomlinson, Trustees of the Kansas City, Missouri, Firemen's Pension System and Fund, Appellants,

v.

James A. HALLORAN, Director of City Fire Department, Rollin F. Agard, Director of Finance, Milton F. Avis, City Treasurer, Cole Hendrix, Personnel Director, ex officio trustees of the Kansas City, Missouri, Firemen's Pension System and Fund, Board of Trustees of Firemen's Pension System of Kansas City, Missouri (James A. Halloran, Chairman), Respondents.

No. 51087.

Supreme Court of Missouri,

Division No. 1.

June 14, 1965.

Slaughter & Brewster, Roger C. Slaughter, Kansas City, for appellants.

Herbert C. Hoffman, City Counselor, George DeBitetto, Asst. City Counselor,

John J. Cosgrove, Assoc. City Counselor, Kansas City, for respondents.

WELBORN, Commissioner.

This is another phase of the litigation involving the Kansas City Firemen's Pension Fund. See Marvin A. Tomlinson, et al. v. Kansas City, Missouri, et al., No. 51,086, and State ex rel. James S. Mining, et al., v. Ilus W. Davis, et al., No. 51,088, decided herewith. By this action the three elected firemen trustees of the system sought the direction of the circuit court as to the "means, methods and procedures" to be employed by the board of trustees of the system in collecting the city's alleged indebtedness to the Firemen's Pension Fund. Defendants' motion for judgment on the pleadings was sustained and this appeal followed.

In this case the defendants were the city officials who were also ex officio members of the board of trustees, to-wit, director of the city fire department, director of finance, city treasurer and personnel director. The board of trustees which, by Section 19.180 of the Revised Ordinances of Kansas City, was authorized to sue and be sued in its own name was also named party defendant. The petition alleged generally the same basic facts found in Tomlinson, supra. The alleged indebtedness related to the city's failure to contribute to the fund for the same period involved in Tomlinson. In this case the plaintiffs' computation was that the amount of the city's obligation as of June 1, 1960 was $432,364.52.

The petition, which was filed June 16, 1960, alleged that the minority elected trustees had advised the ex officio trustees that it was the duty of the board of trustees to collect the accumulated deficit and that the minority trustees had unsuccessfully sought to obtain a decision from the board to collect the accumulated deficit from the city. Plaintiffs alleged that, as a result of their efforts, the city did increase its payments to a 14½% rate effective May 1, 1959 and

paid, on May 8, 1959, $67,212.83 on the accumulated deficit.

The petition alleged that the plaintiffs, at meetings of the board of trustees on April 19, 1960 and May 24, 1960, presented resolutions to the board of trustees for the institution of suit and the retention of counsel for such purpose, but that the resolutions failed of adoption because of the negative votes of the four defendants. Plaintiffs allege that the defendants so voted because they were afraid of losing their appointive jobs with the city.

The prayer of plaintiffs' petition was as follows:

"WHEREFORE, plaintiffs pray this Honorable Court for instructions as to the means, methods and procedures to be employed by the defendant Board of Trustees of the Firemen's Pension Fund, acting pursuant to its power to sue; and by the Trustees of the Firemen's Pension System and Fund, both plaintiffs and defendants herein, to the end that the indebtedness of the city to the Fund be collected, that the Trustees exercise their duties and functions according to the laws and ordinances applicable to them, that the ultimate beneficiaries and the rights of the beneficiaries of this fund be preserved and protected and for such other and further orders and relief as may to the Court seem meet and proper."

Answer was filed on behalf of the defendants by the city counselor of Kansas City who, under the ordinance creating the system, was the legal adviser of the board of trustees. The answer alleged generally the same matters alleged in the answer filed on behalf of the city in Tomlinson, supra. The answer further alleged that the plaintiffs' petition presented no justiciable controversy. The defendants filed motion for judgment on the pleadings which was sustained. Judgment was entered dismissing plaintiffs' petition.

On this appeal plaintiffs contend that the trial court erred in sustaining de-

fendants' motion for judgment on the pleadings. They contend that their petition stated a cause of action within the purview of the power of a court of equity to instruct trustees. A court of equity as a part of its general supervisory power over trusts has the authority to instruct and advise trustees as to their powers and duties. 5 Bogert on Trusts, 2d, Sec. 559, p. 87; Restatement of Trusts, 2d Sec. 259; 3 Scott on Trusts, 2d, Sec. 259, p. 2026; State ex rel. St. Louis Union Trust Co. v. Sartorius, 350 Mo. 46, 164 S.W.2d 356, 359(5). However, the exercise of such power does not contemplate that the court should act as legal adviser of the trustees. "The purpose of such judicial guidance of a trustee is not to provide a substitute for legal advisers, but to protect trustees in the class of cases where the advice of competent lawyers is not sufficient protection, because of the doubtful meaning of the trust instrument, or because of uncertainty as to the proper application of the law to the facts of the case." 54 Am.Jur., Trusts, Sec. 282, p. 223. The only decree in this case would be one which would advise regarding the steps, if any, which might be taken to procure payment of a sum allegedly due the city. However, the city is not a party to this action. Its officers who are sued are sued in the capacity of ex officio trustees of the Firemen's Pension Fund. Any advice which the court might offer as a result of this petition would be purely that and would neither settle the matter in dispute nor afford any protection to the plaintiff trustees.

In addition, although not urged by the city on this appeal, there is a further obvious consideration. In their petition plaintiffs as minority trustees allege that the action was being filed because of a threat that the claim against the city would become barred by the 5-year statute of limitations (Section 516.120, RSMo 1959, V.A. M.S.). If such was a potential threat at the time the suit was filed in 1960, it is now an actual one because, according to the plaintiffs' computation, the statute of limitations ran from the time of the last payment on the account on May 8, 1959. More than five years from that date have now elapsed and any advice to the trustees at this time as to procedures would be entirely futile. (The plaintiffs in this case, suing as beneficiaries in Tomlinson, supra, alleged that, at a meeting of the Board of Trustees on May 4, 1964, plaintiffs "did inform the entire Board of Trustees that they had been advised by counsel that the Statute of Limitations might or would run against the claim and demand for and on account of the monies due and owing to said fund as of April 30, 1959, plus interest at the rate of 3% per annum, on May 6, 1964, that date being five years from the last payment made by defendant City to said Firemen's Pension Fund, for and on account of said indebtedness, all as aforesaid, but that said City Trustees did vote to bring no action against defendant Kansas City, Missouri, in spite of the danger of the fund losing assets to which it is lawfully and rightfully entitled, by reason of the interposition of the Statute of Limitations of the State of Missouri, in such cases made and provided; * * *.'' Tomlinson was filed May 6, 1964. The petition in this case, as above stated, was filed June 16, 1960. Both cases were decided by the court below on September 11, 1964.)

For the foregoing reasons, the judgment of the trial court is affirmed.

HOUSER and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.