# Velten et al. v. Western & Southern Life Ins. Co.

(Decided Oct. 19, 1934.)

E. W. HAWKINS, Jr., and OTTO WOLFF for appellants.
ROUSE & PRICE for appellee.

OPINION OF THE COURT BY DRURY. COMMISSIONER— Dismissing in part and affirming in part.

Al. P. Velten, individually, and A. P. Velten, as administrator, etc.; of Hallie B. Kincord, have appealed from a judgment dismissing their petition.

To start with, we must keep in mind that Mr. Velten individually and as administrator, etc., is two separate and distinct personages as fully as would be Albert Allen and Zadock Zimmerman.

On February 7, 1931, Hallie B. Kincord executed to the Central Savings Bank & Trust Company of Newport, Ky., a note for $125 upon which Mr. Velten became her surety, and to secure the bank and indemnify the surety, she assigned to them four policies of insurance upon her life issued to her by the appellee, but they failed to give to it then any notice of these assignments.

Upon these policies Mrs. Kincord had to pay weekly premiums aggregating $1.15. Later she defaulted in her premiums and on June 21, 1931, her daughter, Emily Sanhamer, paid the premiums then in arrears, and the insurance was reinstated.

On June 23, 1932, Mrs. Kincord died and on the next day Mr. Wolff of the Central Savings & Trust Company called Mr. Simpson, appellee's manager in the Newport district, and told him the bank held these policies.

Mr. Simpson told him he would send and get these policies, and in a day or so a Mr. Shafer, an agent of appellee, called and these policies and the assignments of them were delivered to him, and Shafer assured the bank its note would be paid. In about a week Mr. Wolff called the appellee and was assured by it, "It will be a little while, but the money will come all right, check will be sent to the bank." In a few more days Mr. Wolff called again and received similar assurance and was told, "The check will come payable to you and Emily Sanhamer."

In about a month Mr. Simpson, manager of appellee's Newport office, returned these policies and the assignments of them to Mr. Wolff and told him the appellee had paid the sum due under these policies to Mrs. Sanhamer on July 14, 1932.

Thereupon Mr. Velten paid to the bank the $125 note and it and the policies and assignments were transferred to him and he sued appellee thereon, also qualified as administrator, etc., of Mrs. Kincord, and, as such, sued appellee on these policies. For answer, appellee pleaded payment to Mrs. Sanhamer under this provision of these policies:

"The Company may make any payment or grant any non-forfeiture provision provided in said policy to any relative by blood or connection by marriage of the insured, or to any person appearing to the

company to be equitably entitled thereto by reason of having incurred expense or obligation on behalf of the insured or for the insured's burial; and the production by the company of a receipt signed by any or either of said persons or other proof of such payment or grant of such provision to any or either of them shall be conclusive evidence that such payment or provision has been made or granted to the person or persons entitled thereto, and all claims under this policy have been fully satisfied.''

The case was prepared and submitted to the court without a jury.

Upon Mr. Velten's individual petition he should have been awarded the relief he sought.

Appellee by its acts and conduct had estopped itself to rely upon its payment to Mrs. Sanhamer as against this $125 note, and the court erred when it dismissed Velten's individual petition, but these assignments were mere contract liens and the amount involved upon the individual petition of Velten being only $125, the motion of appellee to dismiss this appeal for want of jurisdiction, heretofore entered and passed to the merits, being now considered is sustained.

Appellee has done nothing to estop itself as against Mrs. Kincord's administrator, and Mr. Velten's petition in that capacity was properly dismissed, the payment to Mrs. Sanhamer was good as against her mother's administrator.

The appeal is dismissed as to the relief sought upon the $125 note, and in other respects it is affirmed.