IN THE MATTER OF THE APPEAL OF JAMES A. KOONTZ, ADMINISTRATOR WITH THE WILL ANNEXED OF THE ESTATE OF LAVINIA ANN WHITSETT, DECEASED, RESPONDENT, v. MABELLE WHITSETT WELLS, ADMINISTRATRIX D.B.N. OF THE ESTATE OF GEORGE P. WHITSETT, DECEASED, APPELLANT.—172 S. W. (2d) 965.

Kansas City Court of Appeals. May 24, 1943.

1296

*W. H. L. Watts* for appellant.

1298

*Martin J. O'Donnell* for respondent.

No brief for respondent.

SPERRY, C.—This is an appeal by Mabelle Whitsett Wells, administratrix, d. b. n., of the estate of George P. Whitsett, deceased, appellant, from a judgment of the circuit court wherein the remaining proceeds of a war risk insurance policy issued on the life of George P. Whitsett, now deceased, was ordered paid by his administratrix, appellant, to James A. Koontz, administrator, with the will annexed, of the estate of Lavinia Ann Whitsett, deceased, widow of George P. Whitsett.

The abstract of the record and the agreed statement of facts filed in this case discloses that:

George P. Whitsett died, testate, in 1924; his estate was administered by Lavinia Ann Whitsett, as executrix, and said administration closed; under the terms of his will his widow was the sole beneficiary thereof; a United States War Risk Insurance policy was issued on the life of George P. Whitsett, during his lifetime, and same was in full force and effect at the time of his death; under the provision of said policy his widow received $57.50 per month therefrom until her death and and effect at the time of his death; under the provisions of said policy the sum of $3886; Lavinia Ann Whitsett died in April, 1938, leaving a will whereby all of her property was devised to her collateral heirs therein named; James A. Koontz is her duly qualified and acting administrator, with will annexed; the probate court of Jackson County, on March 4, 1941, ordered the balance of the proceeds of said insurance policy, after payment of court costs, attorney fees and fees of administratrix, to be distributed as follows:

"A. One-half to James A. Koontz, administrator, with will annexed, of the estate of Lavinia Ann Whitsett;

"B. One-fourth to Mabelle Whitsett Wells, a sister of George P. Whitsett;

·"C. One-fourth to Laura Elizabeth Julian Beall, the only child and heir-at-law of Winifred Whitsett Julian, deceased, a sister of George P. Whitsett."

From that order of distribution James A. Koontz, administrator, with will annexed, appealed to the circuit court where, after hearing thereon, a judgment was rendered whereby it was ordered that, after payment of court costs, attorney fees, and fees of administratrix, the balance of said fund of $3886 should be paid to James A. Koontz, administrator.

Following the rendition of said judgment, and after motion for new trial was overruled, the following instrument was timely filed in circuit court:

"Application for Appeal.

"Comes now Mabelle Wells (being the same person described as Mabelle Whitsett Wells) as Administratrix d. b. n. of the estate of George P. Whitsett, deceased, and prays 'that an appeal be granted and allowed to her, as such Administratrix, to the Kansas City Court of Appeals of Missouri from the judgment, decision and decree of the above entitled Court (and from the findings and declarations of law of said Court handed down with said judgment, decision and decree) rendered in favor of said James A. Koontz, Administrator with the will annexed of the will of Lavinia Ann Whitsett, deceased, and against Mabelle Wells, Administratrix d. b. n. of the estate of George P. Whitsett, deceased, in the above entitled cause, and she does, in support of her prayer for appeal, submit to and file with this Court the annexed affidavit.

> "Mabelle Wells, as Administratrix d. b. n. of the Estate of George P. Whitsett, deceased,
> "By W. H. L. Watts, her Agent and Attorney thereunto duly authorized."

An affidavit, in proper form, in support of the application for appeal, was duly signed, sworn to, and filed as follows:

> "Mabelle Wells, as Administratrix d. b. n. of the Estate of George P. Whitsett, deceased,
> "By W. H. L. Watts, her Agent and Attorney thereunto duly authorized."

Respondent herein, James A. Koontz, administrator, with will annexed, has filed in this court a motion to dismiss the appeal. In support of said motion it is contended that since the appeal is taken by the administratrix d. b. n., and is from an order of distribution affecting the balance of a war risk insurance fund in her hands as administratrix d. b. n., of the estate of George P. Whitsett, the insured, said administratrix, appellant, is not an aggrieved party within the meaning of Section 1184, Revised Statutes Missouri, 1939, authorizing appeals.

1300

The motion was ordered "taken with the case." If it be sustained it necessarily disposes of the case, so far as this appeal is concerned, because the question here raised is jurisdictional" and may be raised at any time, even by the court itself." [Love v. White, 154 S. W. (2d) 759, l. c. 760.]

The point has been squarely ruled in a late decision by the Supreme Court, *en banc*, State ex rel. St. Louis Union Trust Company v. Sartorius, 164 S. W. (2d) 356, l. c. 358. It was there held that an administrator in his capacity as such, may not appeal from an order of distribution, even though he may have an individual interest in the estate; and prior decisions to the contrary were overruled.

Appellant contends that under the above rule the circuit court acquired no jurisdiction to render the judgment appealed from herein for the reason that James A. Koontz, administrator with will annexed, appealed to the circuit court from an order of distribution made by the probate court. That question is not briefed by either party and, since there are some exceptions to the general rule regarding the right of an administrator to appeal, we will not here discuss appellant's contention in this regard. However, it may be observed, in passing, that if, as contended by appellant, the circuit court acquired no jurisdiction on the appeal from probate court, that fact would further support respondent's contention that this court is without jurisdiction to determine this appeal on the merits.

The appeal should be dismissed. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion of Sperry, C., is adopted as the opinion of the court. The appeal is dismissed. All concur.