In re ESTATE of Eugene A. FUSZ, Deceased, Louis J. Fusz, William C. Connett IV, and St. Louis Union Trust Company, Appellants.

No. 51348.

Supreme Court of Missouri, Division No. 1.

Jan. 10, 1966.

William C. Connett IV, Thomas C. Walsh, St. Louis, for appellants, Bryan, Cave, McPheeters & McRoberts, St. Louis, of counsel.

Frank E. Morris, amicus curiae, pro se, St. Louis, William E. Buckley, St. Louis, of counsel.

HIGGINS, Commissioner.

Appellants, executors of the estate of Eugene A. Fusz, deceased, petitioned the Probate Court of St. Louis County, Missouri, for an order of partial distribution which would authorize and direct them to distribute certain estate income received by them during their administration to trustees of trust estates created by decedent's will. The probate court denied the petition for the reason that the life beneficiaries under the will, rather than the trustees, were entitled to such income. The executors appealed to the Circuit Court of St. Louis County; that court denied the appeal, and the executors have now appealed to this court.

Appellants state that jurisdiction is in this court because they have in fact distributed $22,794.36 of estate income to the trustees of decedent's trust estates; that the annual settlement in which they sought credit for that amount was not approved by the probate court; that denial of their petition for partial distribution in that amount will result in judgment against them for $22,794.36, and that such is thus the amount in controversy.

█ Our jurisdiction is in question here for a more fundamental reason than the amount in controversy. The right to appeal and whether an appellant is a party aggrieved within the meaning of Sections 472.-160 and 512.020, V.A.M.S., are jurisdictional questions which may be raised at any time and by the court itself, Love v. White, 348 Mo. 640, 154 S.W.2d 759, 760[1]; and "The great weight of authority is to the effect that an executor or administrator as such is not aggrieved or prejudiced by a decree determining the rights of the beneficiaries, and hence may not appeal. The rule appears to be based on the acquiescence of the beneficiaries." State ex rel. St. Louis Union Trust Co. v. Sartorius, 350 Mo. 46,

164 S.W.2d 356, 358[3]. See also In re Whitsett's Estate, 237 Mo.App. 1295, 172 S.W.2d 965, 966[1, 2].

■ It is significant that this appeal is taken only by the executors who sought authority to make partial distribution. The trustees who were denied partial distribution and the life beneficiaries who were found entitled to the income in issue are not parties in any way to these proceedings; and, under the authorities, it does not appear that the executors are aggrieved parties for appeal purposes. As matters stand, appellants' grief arose when the settlement in which they took credit for a distribution was not approved, rather than from the denial of their petition for partial distribution. Accordingly, this appeal is dismissed.

HOUSER and WELBORN, CC., concur.

PER CURIAM.

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All concur.