In the Matter of the ESTATE of Emma SOENGEN, Deceased.

Ben KOSTEDT, Legatee, Appellant,

v.

Carrie WIPKE, Executrix of the Estate of Emma Soengen, Deceased, Respondent.

No. 32436.

St. Louis Court of Appeals.

Missouri.

Feb. 21, 1967.

Robert E. Staed, St. Louis, John W. Waller, Sullivan, for appellant.

Walter H. Pollmann, St. Louis, Hale W. Brown, Kirkwood, for respondent.

BRADY, Commissioner.

Considered upon the merits the issue presented by this appeal is whether "Item Fourth" of the last will and testament of Emma Soengen creates a trust in the amount of $10,000.00 for the benefit of her brother, the appellant, or if it constitutes an outright bequest to him of that sum. The probate court of St. Louis County held in favor of appellant, construed Item Fourth as an outright bequest, and its order of final distribution directed the executrix to pay that sum to the appellant. The circuit court reversed that decision and directed the $10,000.00 be placed in a trust fund for the appellant's benefit. It is from that judgment this appeal comes to us. However, as will appear later herein, we do not reach this issue for the reason that we have determined the executrix had no right to appeal from the decision of the probate court. It follows that the circuit court lacked authority to act upon the appeal from the probate court, and, our jurisdiction to pass upon the merits of this appeal being derivitive, there is nothing here presented for our ruling. In re Whitsett's Estate, 237 Mo.App. 1295, 172 S.W.2d 965. We will confine our statement of the facts to the issue herein decided and such other matters as will aid in the understanding of the general situation confronting us in this appeal.

The deceased was the sister of the appellant and also of the executrix, Carrie Wipke. In its pertinent parts the will with which we are here concerned consisted of Items Third, Fourth, and Fifth. It is unnecessary to set out the provisions of Item Third and it would unduly extend this opinion to do so as this item is very lengthy and detailed. Its recitation covers about five and one-half pages of the transcript. It is sufficient for our purpose to state that, with an attention to detail that is commendable, this item creates a grave trust to cover the care of the graves of deceased and

her family including the executrix and the appellant. The creation of that "Trust" or "Trust Estate" (those terms are repeatedly used throughout this item), the powers and duties of the Trustees of which the scrivener of this will was one, compensation, provisions for successor trustees, bonds or the waiver of any requirement therefor, a provision barring anyone who contests the provisions of this item from receiving anything under other provisions of the will, and other related matters are meticulously set forth in detail in this item of the will.

The care, or lack of it, with which Item Fourth was drawn appears plainly from its wording. It reads: "ITEM FOURTH: I hereby give, devise and bequeath the sum of Ten Thousand Dollars to my beloved Brother, Ben Kostedt, if he survive me, provided however, that my beloved Brother shall actually need the money, or for any purpose, and the Executrix or Successor Executor of this My Last Will and Testament shall determine whether or not Ben shall need the money, but I do hereby direct my Executrix or Successor Executor to be very lenient and kind to my beloved Brother, Ben Kostedt, in determining whether or not he is to receive the Ten Thousand Dollars, and Ben's own statements as to whether he needs the money shall not be controlling and upon the death of the said Ben Kostedt, should there be any funds remaining, then the funds so remaining then, after payment of his last illness and burial expenses shall be turned over to the Trustees or Trustee under the Grave Care Trust herein before created and added to that amount described in Item Third hereof and it shall become a part of the Trust Fund subject to all the provisions pertaining to the Trust Fund."

Item Fifth provides for bequests of $1,000.00 each to the deceased's other brothers and sisters, with the exception of the executrix who is made the beneficiary of the residuary clause.

It is unnecessary to detail the testimony. In general that offered on behalf of the executrix and legatee was to the effect that the appellant was a drunkard and that this was known to the deceased. The testimony offered by the appellant was in contradiction thereof. The executrix, her husband, and two other sisters over objection were allowed to testify to the effect the deceased intended to leave this money as a trust. In addition, and again over appellant's objection, the scrivener who prepared this will was allowed to testify that: "A. She wanted Ben to have the use of ten thousand dollars, of which her twin sister Carrie was to have absolute control over that money and to determine the needs of Ben. Q. She told you this? A. She did." He also testified that in drawing this will, he intended to set up a trust both in Item Third and Item Fourth of the will.

As stated earlier we do not reach the merits of this controversy and thus are not required to rule upon appellant's contentions that the trial court improperly admitted parole evidence as to the deceased's intention and desires with regard to the appellant's share of her estate. Neither are we required to rule upon appellant's contention that, as a matter of law, Item Fourth must be construed as an outright bequest on the grounds that an estate once granted cannot be cut down by words less clear than those creating or granting the estate. As will appear later herein, we do rule upon the other ground advanced by the appellant in support of his contention this judgment should be reversed; i. e., that this appeal should have been dismissed by the circuit court.

When the probate court found for the appellant and directed the payment of $10,000.00 to him, the executrix filed her "Affidavit for Appeal" which reads: "Carrie Wipke, *as Executrix of the estate and legatee,* being duly sworn on her oath says that she appeals from the order of the Probate Court of March 5th, 1964, whereby she was ordered to pay $10,000.00 in cash to Ben Kostedt; that *as Executrix and legatee* it is only that order of March 5, 1964, pertaining to Item Fourth of the Will of Emma

Soengen, deceased; that the appeal is taken on this 3rd day of March, 1964 in the above entitled cause and is not taken for the purpose of vexation or delay but because the Affiant believes that the appellant is *aggrieved* by the decision of the Court." (Emphasis supplied.) The order of the probate court granting the appeal and transferring its files in this matter to the circuit court states: "An affidavit for appeal to the Circuit Court of St. Louis County, having filed herein this date by the *Executrix* of the estate of the above deceased, * * *." (Emphasis supplied.)

The trial court made "Findings of Fact". Among these is the finding the appeal from the probate court " * * * was taken by appellant 'as executrix of the estate and legatee.' " In its "Conclusions of Law" the trial court held: "Appellant had the right and authority to appeal from the Order of Distribution of the Probate Court as an interested party within the meaning of Section 472.160 V.A.M.S. as further defined by Section 472.010(15) V.A.M.S."

█ § 472.160, RSMo 1959, V.A.M.S., *requires the interested person seeking to appeal from an order, judgment or decree of the probate court to have been "aggrieved thereby".* See also § 512.020, RSMo 1959, V.A.M.S., with regard to appeals in civil cases in general. The rule in this jurisdiction is that in order for a party to have the right of appeal as "aggrieved" by the judgment he must have a direct pecuniary interest in the result of the litigation. Freeman v. De Hart, Mo.App., 303 S.W.2d 217 [5, 6], l. c. 221. This is in keeping with the general rule. 95 C.J.S. Wills § 517. It is well settled that Mrs. Wipke's status as executrix does not give her such an interest. In re Fusz' Estate, Mo., 397 S.W.2d 595, squarely so holds. See also O'-Connell v. Dockery, Mo.App., 102 S.W.2d 748.

█ Can the "executrix and legatee" maintain this appeal because of her interest in the estate as residuary legatee? In this connection it must be noted that should Item Fourth be construed to create a trust as the executrix and legatee contends, she still would have no direct pecuniary interest for the reason the provisions of that item require that any amount left in that fund upon the death of the appellant must then go to the trust created in Item Third of the will. Mrs. Wipke would not share therein as residuary legatee nor is she a trustee for the trust created under that item. Of course, if the appellant would prevail and provisions of Item Fourth are construed as an outright gift, the same result would obtain. It follows that Mrs. Wipke's status as legatee does not give her the pecuniary interest in the result of this litigation necessary to constitute her an interested party "aggrieved" by the decision and she cannot maintain the appeal from the decision of the probate court. In State ex rel. St. Louis Union Trust Co. v. Sartorius, 350 Mo. 46, 164 S.W.2d 356, at l. c. 358, it was held that (quoting from Hall v. Goodnight, 138 Mo. 576, 37 S.W. 916, l. c. 919): " * * * 'A party to an action, under our Code, cannot successfully ask for a reversal of judgment because of an error which was not prejudicial to his substantial rights, however greatly the result may appear to him to lack the perfect symmetry which should characterize the performances of courts of law.' "

█ No doubt because counsel realizes the weakness of the contention the executrix and legatee can maintain this appeal, the statement is made in her brief that she can do so for the reason she was the trustee of the trust allegedly created by Item Fourth of the will. The simple answer to that contention is that from the very inception of this controversy until the present time she has proceeded as "executrix and legatee". It was in that capacity that she appeared in the probate court and it was in that capacity that she filed her affidavit for appeal and proceeded in the circuit court. It was not until she filed her brief in response to the appellant's brief that she gave any indication that she wished to

proceed in any manner other than as "executrix and legatee". Having thus proceeded from the inception of this action and even having sworn an affidavit in her capacity as executrix and legatee, she cannot now be heard to claim that she was really proceeding as trustee.

The judgment of the circuit court must be reversed with the result that the order of final distribution as made by the probate court remains in full force and effect.

PER CURIAM.

The foregoing opinion by BRADY, C., is adopted as the opinion of the court. The judgment of the circuit court is reversed with the result that the order of final distribution as made by the probate court remains in full force and effect.

WOLFE, P. J., and RUDDY and ANDERSON, JJ., concur.