In the Matter of the ESTATE of James C. HILL, Deceased.

No. 8765.

Springfield Court of Appeals.

Missouri.

Dec. 5, 1968.

Rehearing Denied Jan. 2, 1969.

William H. Bruce, Jr., Ellington, for respondent, Lewis Morrison.

TITUS, Judge.

Dorothy Jo Hill was appointed administratrix of her deceased's husband's estate by the Probate Court of Reynolds County, Missouri [§ 473.110, subd. 2(1)].[1] Six claims were heard and determined in the probate court and, after appeal, they were tried de novo as one case without a jury in the Circuit Court of Reynolds County (§ 472.200). Each tribunal allowed the $30.75 claim of Lillie Smail seeking reimbursement for real estate taxes paid on decedent's behalf and the $1,793 claim of Lewis Morrison [2] on decedent's promissory note secured by a deed of trust. Both courts denied the four claims made by Dorothy Jo Hill as surviving spouse for (1) $3,930 in child support payments allegedly due under a Tennessee separate maintenance decree, (2) exempt property and proceeds from the sale of exempt property [3] [§§ 474.250 and 474.280], (3) family allowance [§ 474.260], and (4) homestead allowance [§ 474.290]. Mrs. Hill's individual claims were disallowed upon findings that a reconciliation of the parties had nullified the Tennessee decree and decedent's obligations thereunder to make child support payments, and that Mrs. Hill was barred from all inheritance and statutory rights for having abandoned her husband one whole year next preceding his death (§ 474.140).

In the probate court "Dorothy Jo Hill, Administratrix of the above estate and

Robert B. Baker, Ellington, for appellant, administratrix.

1. All references herein to statutes and rules are to R.S.Mo.1959, V.A.M.S., and to Supreme Court Rules of Civil Procedure, V.A.M.R.

2. Contrary to stipulation and Rule 82.15, the exhibits were not filed in this court until eleven days after the case was set for hearing. In respondent's brief this claim is said to have been made by Louis (sic) Morrison and Dorothy Morrison, his wife, whereas the claim itself shows it was filed only by Lewis Morrison.

3. The claim filed was for both exempt property (§ 474.250) and for the proceeds of exempt property sold (§ 474.280). The affidavit of appeal filed in the probate court designates it as a claim only for the proceeds from the sale of exempt property, while the circuit court judgment, motion for new trial and appellant's brief denominate it a claim simply for exempt property.

surviving spouse of the above named deceased," filed four separate affidavits of appeal from the orders denying the claims for back child support, exempt property, and family and homestead allowances; as "Administratrix of the above estate," she filed individual affidavits of appeal from the orders allowing the claims of Mrs. Smail and Mr. Morrison (§ 472.210). Following entry of judgment by the circuit court, "Dorothy Jo Hill, Administratrix of the Estate of James C. Hill and surviving spouse of the deceased," filed a motion for new trial, but when that was overruled the lone notice of appeal was filed by "Dorothy Jo Hill, Administratrix of the Estate of James C. Hill," and signed by her counsel as "Attorney for Administratrix of the Estate of James C. Hill."

Administratrix made no objection in her motion for new trial to the allowance of the Lillie Smail claim, and in her appeal brief admits the allowance of that claim was correct. Therefore, that portion of the judgment must stand. The record discloses that after the claim of Lewis Morrison was filed in the probate court, the security for that claim was exhausted by selling the real estate described in the deed of trust, and when the sale proceeds were credited to satisfy expenses and the principal and interest due on the note, a deficiency of only $55.10 remained. Appellant insists and Mr. Morrison quite properly and candidly concedes [§ 473.387(1)] the judgment entered in his favor in the sum of $1,793 was error and the correct amount of the judgment should be $55.10. This leaves us only to consider the four claims of Mrs. Hill as surviving spouse and the appeal taken from the judgment of the circuit court by her as administratrix.

■ Before proceeding further, we must bear in mind that Dorothy Jo Hill, administratrix, and Dorothy Jo Hill, surviving spouse, are, in contemplation of the law, two separate and distinct individuals, although they are one and the same person.

Dorothy Jo Hill in her official capacity as administratrix is a stranger to any of the rights or duties she may possess as an individual. Velten v. Western & Southern Life Ins. Co., 256 Ky. 271, 75 S.W.2d 1035 (1); Pardee v. Mutual Ben. Life Ins. Co., 238 App.Div. 294, 265 N.Y.S. 837, 840(2); 34 C.J.S. Executors and Administrators § 707, p. 692.

■ "The right of appeal shall be as provided by law" (Rule 82.01) and, as now concerns us, the right to appeal from orders and judgments of probate courts extends to "any interested person aggrieved thereby" (§ 472.160), while the right to appeal from a circuit court is granted "any party to a suit aggrieved by any judgment" (§ 512.020). An appellate court's jurisdiction does not extend to a determination of an appeal upon its merits unless the party appealing has been aggrieved by the judgment below and, although the parties hereto have not raised the question, it is our duty, ex mero motu, to ascertain our jurisdiction in each cause. In re Fusz' Estate, Mo., 397 S.W.2d 595(1), 16 A.L.R.3d 1271; State v. Hughes, Mo.App., 223 S.W.2d 106, 110(9); Christeson v. Christeson, Mo.App., 190 S.W.2d 568(2); In re Whitsett's Estate, 237 Mo. App. 1295, 172 S.W.2d 965, 966(1); State ex rel. Fischer v. Vories, 333 Mo. 197, 207(4), 62 S.W.2d 457, 460–461(4).

■■ Administrators are not specifically included in the definition of "interested persons" by § 472.010, subd. 15, but are held to be "interested persons aggrieved" under § 472.160 for the purpose of appealing from orders of the probate court whenever their concern appears necessary for the protection of the estate. In re Dugan's Estate, Mo.App., 309 S.W.2d 137, 144(16). Likewise, an administrator has the right under § 512.020 to appeal from a circuit court judgment which affects him in his official capacity in such manner that he is thereby a "party to a suit aggrieved." Davis v. Davis, Mo., 284 S.W.2d 575, 579–580(9). On the other hand, an administrator has no right to appeal from a judg-

ment unless the record shows he is an aggrieved party in his capacity as administrator [In re Clark's Estate, Mo.App., 213 S.W.2d 645, 652(5); Love v. White, 348 Mo. 640, 642(3), 154 S.W.2d 759, 760(3)], and in the absence of evidence showing such fact, his appeal should be dismissed. Rone's Estate v. Rone, Mo.App., 218 S.W. 2d 138, 145(6).

As administratrix, Dorothy Jo Hill was an "interested person aggrieved" in the probate court and a "party to a suit aggrieved" in the circuit court, and thereby entitled to appeal the judgments of those courts which allowed the claims of Lillie Smail and Lewis Morrison. However, as we have seen, the administratrix has pursued her appeal to this court only on the claim of Mr. Morrison, having abandoned her right to appeal the judgment as regards the Lillie Smail claim by making no objection to its allowance in the motion for new trial.

■ The orders of the probate court denying the four claims of the widow did not aggrieve the administratrix—only the surviving spouse. Affidavits of appeal filed in the probate court as to those four claims were made by "Dorothy Jo Hill, Administratrix of the above estate and surviving spouse of the above named deceased." This was error as far as the administratrix was concerned. The circuit court lacked jurisdiction to determine upon their merits the appeals of the administratrix from the orders denying the widow's four claims. As our jurisdiction is derivative, and because the circuit court was without jurisdiction to pass upon the four appeals by the administratrix and because the administratrix was not aggrieved by the denial of those claims, we, too, lack jurisdiction to entertain any appeal by the administratrix pertaining to the disallowed claims. In re Estate of Soengen, Mo.App., 412 S.W.2d 533, 534(1).

Dorothy Jo Hill as surviving spouse was an "interested person aggrieved" by the orders of the probate court denying her personal claims. She was entitled to appeal those orders, and when she did the circuit court was vested with jurisdiction to determine the issues upon the merits. The judgment of the trial court denying the claims of the surviving spouse for back child support, exempt property, and family and homestead allowances, made the widow a "party to a suit aggrieved" and entitled her to appeal to this court, but she has not done so. There can be no doubt the only notice of appeal given in this cause was by Mrs. Hill in her capacity as administratrix, rather than as an individual. Rone's Estate v. Rone, supra, 218 S.W.2d at 146 (10).

The sole appellant in this case, the administratrix, was not aggrieved by the circuit court judgment denying the claims of the widow and cannot now be heard to complain of the judgment adverse to her in her individual capacity. Dorothy Jo Hill, the surviving spouse, took no appeal from the judgment of the circuit court in the consolidated case. Hence that portion of the judgment denying her claims as surviving spouse has become final and is res adjudicata. In re Franz' Estate, Mo., 372 S.W.2d 885, 898(1–3).

The six claims involved were tried together in the circuit court as a consolidated case, a single judgment was entered, and only one notice of appeal was filed. What has heretofore been noted attests that we do not have jurisdiction as to a part of the appeal and makes evident it would be improper for us either to affirm or reverse outright the judgment of the circuit court or to remand the cause for a new trial on any of the issues. Therefore, it is the judgment of this court (a) that the appeal of the administratrix in so far as it concerns the denial of the four claims of the surviving spouse is dismissed, and (b) that the judgment of the Circuit Court of Reynolds County entered of record on July 26, 1967, be set aside and that the cause be remanded to said circuit court with directions to enter of record a judgment (1) allowing the claim of Lillie

Smail in the sum of $30.75, (2) allowing the claim of Lewis Morrison in the sum of $55.10, (3) disallowing and denying each and all the four claims of Dorothy Jo Hill *as surviving spouse* for exempt property and for the proceeds of the sale of exempt property, for homestead allowance, for family allowance and for back child support, and (4) dismissing the appeals of Dorothy Jo Hill *as administratrix* from the orders of the probate court which denied the four claims aforesaid made by Dorothy Jo Hill as surviving spouse.

HOGAN, P. J., and STONE, J., concur.