140 N.J. Super. 121 (1976)
355 A.2d 672
RAYE L. FERN, PLAINTIFF-RESPONDENT AND CROSS-APPELLANT,
v.
MORRIS FERN, DEFENDANT-APPELLANT AND CROSS-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 15, 1975.
Decided January 21, 1976.
*122 Before Judges FRITZ, SEIDMAN and MILMED.
Mr. Nathan Reibel argued the cause for defendant-appellant and cross-respondent (Messrs. Reibel, Isaac, Tannenbaum & Epstein, attorneys).
Mr. Adrian M. Unger argued the cause for plaintiff-respondent and cross-appellant (Messrs. Milton M. and Adrian M. Unger, attorneys).
The opinion of the court was delivered by MILMED, J.A.D.
On January 28, 1966 plaintiff (wife), then 68 and a divorcee, and defendant (husband), then 71 and a widower, entered into a prenuptial agreement. Three days later they were married in Florida. They lived together until sometime in the fall of 1969. Matrimonial litigation between them culminated in a judgment for divorce[1] on March 29, 1972 in the Chancery Division in Union County. By that judgment the husband was required, among other things, to pay $200 a week to the wife for her support and maintenance and to pay her attorneys a counsel fee of $2,500. The judgment recited that it was "without prejudice to the *123 rights and obligations and claims of the parties under" the prenuptial agreement.
In late summer, 1973, the husband applied for a reduction in the required weekly support payment claiming "a serious and substantial change" in his circumstances both with regard to his "health and financial resources." The wife thereupon applied, among other things, for an increase in support, for specific enforcement of certain provisions of the prenuptial agreement, and "to impress a constructive trust against defendant's assets and estate to the extent and value of the unperformed obligations" of such provisions. By his interim order the trial judge, among other things, denied the wife's application for an increase in support payments, granted a reduction in the weekly support from $200 to $100 until further order of the court, and denied the wife's application for specific enforcement of provisions of the prenuptial agreement, without prejudice to her right to institute a plenary suit on that agreement. Plaintiff's independent action for such specific enforcement and defendant's application for reduction in support payments were consolidated for trial. Following the taking of proofs, the trial judge rendered his oral opinion detailing his findings of fact and conclusions of law. Two orders were entered. The first denied defendant's application for reduction of the weekly support, vacated the previous temporary reduction in support payments, reinstated the $200 weekly support requirement, and required defendant to pay plaintiff's attorneys a counsel fee of $2,000 plus their actual disbursements of $532.32. The second order dismissed the wife's action on the prenuptial agreement, entered judgment in favor of defendant on his counterclaim therein, declared the agreement to be of no force and effect, and required defendant to pay plaintiff's attorneys a counsel fee of $2,000 plus court costs of $120.
Both orders are before us for review. Defendant has appealed from all of the first order and from that part of the second order which awarded a counsel fee of $2,000 and costs *124 of $120. Plaintiff has cross-appealed from so much of the second order as dismisses her action on the prenuptial agreement, enters judgment in favor of defendant on his counterclaim therein, and declares the agreement to be of no force and effect. We ordered the appeals consolidated.
We affirm the orders appealed from substantially for the reasons expressed by Judge McKenzie in his oral opinion of July 1, 1974. There is ample credible evidence in the record to support his findings. We discern no basis for disturbing them. State v. Johnson, 42 N.J. 146, 162 (1964). The results reached are sound. From our review of the proofs, we are entirely satisfied, as was the trial judge, that, in the circumstances[2] it is not unconscionable to require defendant to continue to pay the alimony that he agreed to pay and that is incorporated in the judgment for divorce of March 29, 1972. Defendant has shown no justification for a reduction of the support payments within the standards set forth in Berkowitz v. Berkowitz, 55 N.J. 564 (1970), and Schiff v. Schiff, 116 N.J. Super. 546 (App. Div. 1971), certif. den. 60 N.J. 139 (1972). We are equally satisfied, as was the trial judge, that the parties did not intend that their prenuptial agreement should continue in effect in the event of a divorce. The ostensible purpose of the agreement was, as the judge found, "to provide for Mrs. Fern as the widow of Mr. Fern upon his death," as well as to "protect his estate."[3] In the totality of the circumstances disclosed in *125 the record, it is clear that the agreement which was made in contemplation of the marriage was to terminate upon dissolution of that marriage. Cf. N.J. Title Guar. & Trust Co. v. Parker, 85 N.J. Eq. 557 (E. & A. 1915). And see, Seuss v. Schukat, 358 Ill. 27, 192 N.E. 668 (Sup. Ct. 1934).
Additionally, we reject defendant's contention that plaintiff's action to enforce provisions of the premarital agreement was not a matrimonial action within the provisions of R. 4:42-9(a) and R. 4:75. That litigation is specifically covered in the broad definition of "matrimonial actions" contained in R. 4:75, i.e., it involved "claims between * * * former spouses as to property claimed to be owned by them." And in light of the record, including the proofs relating to the financial status of the parties, counsel's certification as to services and disbursements, and the extent of the presentation of the issues, the amount of the allowance of a counsel fee in each of the consolidated matters "may be considered to be within the broad limits of the trial court's discretionary authority." Schlemm v. Schlemm, 31 N.J. 557, 585 (1960).
The orders under review are affirmed.
NOTES
[1] On "no fault" grounds, N.J.S.A. 2A:34-2(d).
[2] Although defendant resigned his $20,000 a year position as president of Fern's Furniture, Inc. and became a consultant to that corporation at $100 a week, he still retained control of the business, having 78% of the common stock of the corporation. Beyond this, he has additional current income as well as other assets which he can invest to produce further income.
[3] E.g.: Each party waived "all right, title, or interest" which he or she might acquire in the other's property "by reason of the marriage." Each waived "any and all claims and rights that he or she may acquire by reason of the marriage: (a) to share in the estate of the other party upon the latter's death by way of dower or curtesy; and (b) to elect to take a statutory interest in lieu of the provisions made in his or her favor, if any, in the other party's Last Will and Testament." By paragraph 5(a) of the agreement defendant agreed to execute and leave a Last Will and Testament in which he gives and bequeathes to plaintiff "if she shall survive MORRIS FERN" by three months, "all the household furnishings, equipment, furniture, linens, china, silverware, and bric-a-brac located in the apartment which MORRIS FERN has furnished at 330 West Jersey Street, Elizabeth, New Jersey, or located in any other premises in which the parties hereto may be living together at the time of the death of MORRIS FERN." (Emphasis supplied)