John KRAUSE, Respondent,

v.

George A. TULLO, Personal Representative of the Estate of Juanita N. Krause, Deceased, Appellant,

and

Gail Brooks, et al., Respondents.

No. 17965.

Missouri Court of Appeals,
Southern District,
Division One.

June 29, 1992.

Motion for Rehearing or Transfer
Denied July 16, 1992.

Application to Transfer Denied
Sept. 22, 1992.

Loren R. Honecker, Sherwood, Honecker & Bender, Springfield, for appellant.

Douglas R. Nickell, Rose A. Barber, Miller & Sanford, P.C., Springfield, for respondents.

CROW, Judge.

This is an action by John Krause ("Plaintiff") for a declaratory judgment regarding a clause in the July 9, 1990, will of Juanita N. Krause ("Decedent"). The trial court entered judgment on the pleadings, granting Plaintiff the declaration he sought.

George A. Tullo, Personal Representative of Decedent's estate, brings this appeal. As explained *infra*, we hold he lacks standing to appeal.

The controlling facts are undisputed.

The will identified in the first sentence of this opinion was admitted to probate following Decedent's death. The will leaves one-eighth of Decedent's residuary estate to Plaintiff. Article IV, paragraph D of the will ("the in terrorem clause") reads:

> In the event that any of the devisees or legatees named or mentioned in this Will, either directly or indirectly, jointly or severally, shall institute or promote, or aid or abet, or take any part in, any contest over the probate of this Will, or over the validity of any provisions hereof, then I hereby direct that such devisees or legatees shall thereby forfeit and lose all and every right or interest herein devised or bequeathed to them by this Will and such forfeited right or interest shall be a part of the estate as if such devise or bequest had never been made.

The will also revokes all earlier wills and codicils.

Plaintiff's petition avers he is one of six legatees under Decedent's will. The petition names the other five legatees as defendants, along with Personal Representative Tullo. The docket sheet indicates effort was made to obtain personal service outside Missouri on two of the legatees, and to obtain service by mail outside Missouri on the other three legatees. The record does not conclusively demonstrate all defendant legatees were validly served, and the judgment is silent on the matter. However, as no issue has been raised on the subject, we decline to explore it *sua sponte.*

Plaintiff's petition pleads that on June 20, 1981, Decedent and her husband, William, executed mutual wills whereby the survivor of the two bequeathed the estate to Plaintiff and six other legatees; that Plaintiff and four of the other legatees were each to receive a one-sixth share, with the two remaining legatees to receive one-twelfth each; and that the mutual wills state "provisions of a contract supported by the consideration of Mr. and Mrs. Krause's mutual promises that the survivor of the two would leave that person's estate

as described [above]."[1]  The petition further alleges Decedent's husband, William, predeceased her.  The petition continues:

11.  That there has arisen a dispute between plaintiff and defendant whether an action for the enforcement of said [1981] contract has the direct or indirect effect of contesting the probate or validity of said 1990 will.  The plaintiff desires for the Court to make a determination of the rights and liabilities of the parties under said 1990 will concerning said contract.

12.  That plaintiff is without an adequate remedy at law to determine whether an action by a devisee or legatee for a specific performance of said 1981 contract would be in violation of [the in terrorem clause] of the 1990 will thereby causing said devisee or legatee to forfeit any bequest under said 1990 will.

Wherefore, plaintiff prays that this Court enter its order declaring that an action by a devisee or legatee to enforce the 1981 contract would not be in violation of [the in terrorem clause] of the 1990 will of [Decedent].

Plaintiff's purpose in bringing this action is evident.  If he sues to enforce the alleged 1981 contract and loses, and if such suit is litigation of the type described in the in terrorem clause, he forfeits the one-eighth share bequeathed him by Decedent's 1990 will and receives nothing.  Obviously, before deciding whether to sue to enforce the alleged 1981 contract (for a one-sixth share), Plaintiff wants a judicial declaration on whether such a suit would violate the in terrorem clause.

The trial court's judgment reads, in pertinent part:

It is ... ordered, adjudged and decreed that an action by a beneficiary of Juanita N. Krause's will for the specific performance of the 1981 contract executed by said Ms. Krause does not violate the in terrorem clause ... in ... Ms. Krause's will.

The Personal Representative presents one point relied on, which reads:

The trial court erred and misapplied the law in rendering judgment for [Plaintiff] ... because any proceeding by a legatee or devisee to enforce the terms of the 1981 contract between [Decedent] and her spouse would violate [the in terrorem clause] of [Decedent's] 1990 will in that such proceeding would, if successful, necessarily interfere with, obstruct and frustrate the testamentary plan expressed in said will.

For the reasons that follow, we need not address the above point.

■  Although Plaintiff has not questioned the right of the Personal Representative to appeal, it is nonetheless the duty of this Court to determine the propriety of the appeal.  *Matter of Estate of Savage*, 650 S.W.2d 346, 348 (Mo.App.1983); *In re Estate of Hill*, 435 S.W.2d 722, 724 (Mo.App. 1968).

■  An executor or administrator as such is not aggrieved or prejudiced by a decree determining the rights of the beneficiaries, and hence may not appeal.  *State ex rel. St. Louis Union Trust Co. v. Sartorius*, 350 Mo. 46, 164 S.W.2d 356, 358 (banc 1942); *Matter of Heisserer*, 797 S.W.2d 864, 869 (Mo.App.1990).  Accordingly, an administrator has no standing to appeal from an order determining a decedent's heirs and the fractional interests in the whole of the distributable assets to which the heirs are entitled.  *In re Estate of Voegele*, 805 S.W.2d 177, 179 (Mo.App. 1990).  Nor does an administratrix have standing to appeal from an order of distri-

---

**1.**  Attached as an exhibit to Plaintiff's petition is a document captioned "Last Will and Testament of Juanita N. Krause" dated June 20, 1981.  A paragraph in it reads:

My husband, William E. Krause, is executing a Will at approximately the same time that I am executing this Will and he is making the same disposition of his estate as I make of mine.  Our Wills are based upon a contract between us concerning the disposition of our property and the Wills we are executing are evidence of that contract.  My Will has been made in consideration of the making of my husband's Will, and his Will is made in consideration of the making of my Will.  In no event shall I have the power to revoke the provisions of this Will should my husband predecease me.

bution. *In re Whitsett's Estate*, 237 Mo. App. 1295, 172 S.W.2d 965 (1943). Additionally, an executor has no standing to appeal from a judgment in a will contest declaring the will invalid, *Shock v. Berry*, 221 Mo.App. 718, 285 S.W. 122 (1926), and an administrator with will annexed has no standing to appeal from a judgment declaring a person to be the adopted child of the testatrix. *Love v. White*, 348 Mo. 640, 154 S.W.2d 759 (1941).

■ While an administrator has standing to appeal from a judgment when necessary to protect the estate, *Hill*, 435 S.W.2d at 724, the judgment here does not harm the estate. It merely declares the meaning of the in terrorem clause regarding a potential suit for specific performance of an alleged contract made by Decedent.

Furthermore, the judgment does not adversely affect the Personal Representative in performing his duties. Indeed, it protects him in that he now knows such a suit will not violate the in terrorem clause. Consequently, when the time comes to distribute the estate to the legatees, the Personal Representative will face no uncertainty as to whether a legatee who has sued to enforce the alleged 1981 contract has forfeited his legacy by reason of the in terrorem clause.

*Heisserer*, 797 S.W.2d at 869, cited by the Personal Representative, does not aid him. There, one of three trustees of an inter vivos trust had a contingent interest in one of the trust assets, a 180–acre farm. Additionally, the trust instrument gave the trustee (Friedrich) the right to continue farming the tract while it was held by the trust. A dispute arose between the trustees as to how Friedrich should compensate the trust for farming the tract and whether it could be sold during the lives of the beneficiaries. The trial court held Friedrich could choose to sharecrop the tract or pay specified rent per acre, and that the trust instrument barred the trustees from selling the tract. The trial court also found that if there was a conflict between Friedrich's position as tenant and his duties as trustee, such conflict was created and authorized by the trust instrument. 797

S.W.2d at 874. Two of the trustees (neither being Friedrich) appealed. One of their contentions was that the trial court erred in finding Friedrich had not breached his fiduciary duty. *Id.* at 873. This Court held that because the judgment directly affected the administration of the trust, at least the operation of the farm which constituted one-fourth of the corpus, the appellants had standing to appeal. *Id.* at 869.

No such circumstances exist here. The judgment does not affect the administration of Decedent's estate; it merely construes the in terrorem clause.

As reported earlier, the other five legatees in the 1990 will were named defendants in this action. None of them filed a responsive pleading. If they were content to allow Plaintiff to obtain the declaration he sought, the Personal Representative is in no position to complain. *Love*, 154 S.W.2d at 760[4].

Any notion to the contrary is refuted by *In re Estate of Soengen*, 412 S.W.2d 533 (Mo.App.1967). There, the issue was whether a will made an outright bequest to the brother of the executrix or created a trust for him. The probate court found a bequest. The executrix appealed to the circuit court, which reversed the probate court and held a trust was created. The brother appealed from the circuit court judgment. The appellate court held the executrix had no standing to appeal the probate court judgment to the circuit court, hence the circuit court lacked authority to act on the appeal. The judgment of the circuit court was reversed, leaving the judgment of the probate court intact. *Soengen*, like the instant case, involved a judgment construing a will. Just as the executrix there lacked standing to appeal, so does the Personal Representative here.

We emphasize the instant action is not a suit to enforce the alleged 1981 contract. Nothing in this opinion should be taken as a hint of the Personal Representative's duty should such a suit be filed. We hold only that in the case before us, the Personal Representative has no standing to ap-

peal, as neither he nor the estate is aggrieved by the judgment.

Appeal dismissed.

PREWITT, P.J., and PARRISH, J., concur.