In the ESTATE OF Homer Aaron FOWLER, Deceased.

Curtis A. FOWLER, Personal Representative, Petitioner–Appellant,

v.

CHILDREN OF Charles FOWLER, Deceased, Respondents–Respondents.

No. 18136.

Missouri Court of Appeals, Southern District, Division Two.

Aug. 30, 1993.

Clinton D. Summers, Elizabeth A. Blaich, Summers, Walsh, Pritchett and Blaich, P.C., Poplar Bluff, for petitioner-appellant.

Mary L. Dilks, L. Joe Scott–Daniel T. Moore, Poplar Bluff, for respondents-respondents.

GARRISON, Judge.

This appeal is by Curtis A. Fowler, as personal representative of the Estate of Homer Fowler, Deceased. The decisive issue in the case is whether the personal representative is aggrieved by the court's judgment and therefore has standing to appeal. The factual background of the case is outlined below.

Homer Fowler (Homer) had six children including Curtis A. Fowler, the personal representative of the estate. One of those children, Charles, predeceased Homer and he was survived by five children. In November 1987, Homer filed a claim against Charles' estate for repayment of a loan. That claim was subsequently dismissed by Homer after discussions with attorneys representing the estate and at least some of Charles' children.

Homer later died intestate and his personal representative filed the petition which is the subject of this appeal. The petition sought an order from the probate division declaring that Charles' children (Respondents) were not entitled to inherit from Homer on the theory that they received an advancement and were estopped from asserting an interest in the estate. It was alleged that an agreement had been reached whereby Charles' children would forego any interest in Homer's estate in return for Homer's dismissal of his claim against Charles' estate. The personal representative appeals from the court's Findings of Fact and Conclusions of Law which denied the relief sought under that petition.

Before considering the points raised in this appeal, it is necessary to consider Respondents' claim that the appeal should be dismissed. In support of that contention, they argue that the personal representative in the instant case lacks standing to appeal.

Section 472.160 [1] authorizes an appeal from the probate division to the appropriate appellate court by "[a]ny interested person aggrieved" by certain orders, judgments or decrees of the probate division. An "interested person" is defined in § 472.010 as:

> ... heirs, devisees, spouses, creditors or any others having a property right or claim against the estate of a decedent being administered and includes children of a protectee who may have a property right or claim against or an interest in the estate of a protectee. This meaning may vary at different stages and different parts of a proceeding and must be determined according to the particular purpose and matter involved.

The statute has been construed to mean that a personal representative may qualify as an "interested person aggrieved" and thereby be permitted to appeal. *Matter of Estate of Savage,* 650 S.W.2d 346, 349 (Mo.App.1983); *In re Estate of Hill,* 435 S.W.2d 722, 724 (Mo.App.1968). Likewise, § 512.020 authorizes an appeal by "[a]ny party to a suit aggrieved by any judgment of any trial court in any civil cause...." It too has been construed to apply to personal representatives. *In re Estate of Hill,* 435 S.W.2d at 725. In the instant case, however, Respondents argue that the personal representative lacks standing to appeal because he is not aggrieved by the judgment in issue here.

■ The personal representative, Curtis A. Fowler, is interested in this estate in his individual capacity because he is a son and heir of Homer. The amount of his individual interest would vary depending on whether Respondents were also entitled to receive an interest in the estate. He appeals, however, only in his capacity as personal representative of the estate. The fact that a personal representative has an individual or personal interest in the estate does not create standing to appeal solely in his representative capacity. See *State ex rel. St. Louis Union Trust Co. v. Sartorius,* 350 Mo. 46, 164 S.W.2d 356, 359 (banc 1942); *In re Whitsett's Estate,* 237 Mo.App. 1295, 172 S.W.2d 965, 966 (1943). Rather, he must be "aggrieved" or adversely affected in his official or representative capacity as opposed to his individual capacity. *In re Franz' Estate,* 372 S.W.2d 885, 898 (Mo.1963); *Matter of Estate of Savage,* 650 S.W.2d at 349; *In re Estate of Hill,* 435 S.W.2d at 724.

■ The order and judgment appealed from determines and delineates the duties of the personal representative. *Matter of Heisserer,* 797 S.W.2d 864, 869 (Mo.App.1990). In the instant case, the petition essentially sought a determination of Respondents' rights to inherit from Homer's estate. A personal representative, however, is not aggrieved by a judgment or decree determining the rights or interests of those claiming through the decedent. *State ex rel. St. Louis Union Trust Co. v. Sartorius,* 164 S.W.2d at 358. This interpretation has been extended to prevent a personal representative's appeal from an order of distribution (*In re Whitsett's Estate,* 172 S.W.2d at 966); from orders determining a decedent's heirs and the fractional interests to which they are entitled (*In re Estate of Voegele,* 805 S.W.2d 177, 179 (Mo.App.1990)); from a decree cancelling an heir's renunciation of his interest in the estate (*Bostian v. Milens,* 239 Mo.App. 555, 193 S.W.2d 797 (1946)); and from a judgment in a will contest which declared the will invalid (*Shock v. Berry,* 221 Mo.App. 718, 285 S.W. 122 (1926)).

■ The rule that a personal representative is not aggrieved by a decree determining the rights of those claiming under the decedent is based on the acquiescence of the beneficiaries. *State ex rel. St. Louis Union Trust Co. v. Sartorius,* 164 S.W.2d at 358. In the instant case, the legal file reflects that all "interested parties" were notified of the proceedings. Section 472.160 authorizes appeals by "aggrieved interested persons" even though they were not named as parties and did not participate in the proceeding. *Matter of Estate of Savage,* 650 S.W.2d at 348.

1. All references to statutes are to RSMo 1986, V.A.M.S.

None of the heirs in this estate have taken any action in their individual capacities to procure a review of the trial court's judgment.

 In the instant case, the personal representative argues that the relief he seeks "will directly affect the distributive share of the estate to certain beneficiaries" and "the personal representative has a direct financial interest in the issue and standing to appeal," citing *Houston v. Zaner*, 683 S.W.2d 277 (Mo.App.1984). That case does not aid the personal representative in the case at bar. In the *Houston* case, appellant was the sole beneficiary of the testamentary estate of his aunt who, prior to her death, was the subject of a guardianship. The appeal he was permitted to maintain was from the allowance of fees on final settlement of the guardianship. Contrary to the contentions of the personal representative in the instant case, the *Houston* case does not establish that he has standing to appeal in his official capacity. Rather, that case held that an individual beneficiary who is not a party to the proceedings may be an aggrieved interested person with standing to appeal by reason of § 472.160.

The personal representative is in a fiduciary position concerning the estate assets and the interests of those claiming through the decedent. *Matter of Estate of Savage*, 650 S.W.2d at 349; *Cooper v. Jensen*, 448 S.W.2d 308, 313 (Mo.App.1969). Concern for the protection of the estate, however, is insufficient to establish that the personal representative is aggrieved in his official capacity when the claims he resists are by persons claiming under the decedent and not by those claiming against the estate and all others interested therein. *In re Estate of Voegele*, 805 S.W.2d at 179. In the instant case, the effect of the personal representative's appeal would be to oppose persons claiming under or through Homer as distinguished from those claiming against the estate. In that respect the personal representative would be taking an adverse position to those for whom he is a fiduciary. *In re Estate of Voegele*, 788 S.W.2d 301, 303 (Mo. App.1990). Having invoked the aid of the court to determine if certain persons are entitled to share in the estate, and having

received a decision, the personal representative has no interest or duty to obtain a decision according to some view of the law that he may himself entertain. *State ex rel. St. Louis Union Trust Co. v. Sartorius*, 164 S.W.2d at 359.

In the absence of evidence in the record that the personal representative is aggrieved in that capacity, his appeal must be dismissed. *Crigler v. Frame*, 632 S.W.2d 94, 95 (Mo.App.1982); *In re Estate of Hill*, 435 S.W.2d at 725. Considering the factors and authorities discussed in this opinion, the record in the instant case does not reflect that the personal representative is an aggrieved person with standing to appeal. This appeal is, therefore, dismissed.

FLANIGAN and PREWITT, JJ., concur.